**RIVERSIDE GENERAL HOSPITAL,**
Plaintiff,

v.

**Richard SCHWEIKER, et al.,**
Defendants.

Civ. A. No. 81–1501.

United States District Court,
District of Columbia.

Oct. 7, 1982.

Ronald N. Sutter, Washington, D.C., for plaintiff.

Judith Bartnoff, Sp. Asst. U. S. Atty., Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

SIRICA, District Judge.

This matter is before the Court on the defendants' motion to dismiss for lack of subject matter jurisdiction, or in the alternative, on cross-motions by both parties for summary judgment. This Court, by an order entered on June 3, 1982 stayed further proceedings in this case pending resolution of the difficult question of this Court's subject matter jurisdiction.

Plaintiff, a New Jersey hospital, is seeking declaratory and injunctive relief from the defendants' actions in granting a waiver of plaintiff's statutory rights to the type of reimbursement traditionally available under the Medicare program, 42 U.S.C. 1395 et seq. The defendants assert that this Court's jurisdiction under 28 U.S.C. § 1331 is intercepted by 42 U.S.C. § 405(h). The defendants contend that 42 U.S.C. § 405(h) denies this Court subject matter jurisdiction over any and all claims for Medicare reimbursement, including the claims presented by the plaintiff in this case. Instead, argue the defendants, the plaintiffs must initially exhaust its claims through the administrative process afforded by 42 U.S.C. § 1395oo. This provision states that a provider of Medicare services who is dissatisfied with the level of reimbursement must seek initial review of its *claim* by the Provider Reimbursement Review Board (PRRB). *See* 42 U.S.C. § 1395oo; 42 C.F.R. § 405.1835. Only upon completion of review by the Board and subsequent review by the Secretary of the Department of Health and Human Services can a provider seek limited judicial review in a District Court. 42 U.S.C. § 1395oo (f)(1) (Supp. IV 1980).

The defendant, the Secretary of the Department of Health and Human Services, however, fails to identify how the administrative process outlined by 42 U.S.C. § 1395 oo will meet and address the individual claims of the plaintiff in this case. Therefore the Court must undertake the task of isolating the separate claims of Riverside General Hospital, the plaintiff provider in this case, to determine whether they come within the class of cases excluded from this Court's jurisdiction by § 405(h). In addition, under the guidance of the recent decision of our Circuit Court of Appeals in *National Association of Home Health Agencies v. Schweiker,* 690 F.2d 932 (D.C.

Cir. 1982) [hereinafter cited as *NAHHA*], this court must conduct a further inquiry as to whether a denial of subject matter jurisdiction by this Court would result in a complete preclusion of judicial review for the claims of plaintiff provider.

■ The first task that confronts the Court in determining whether § 405(h) bars review of plaintiff's claims is separating the various claims of the plaintiff into their respective categories. Plaintiff argues that five of its eight challenges to the Secretary's action are purely procedural in character. Because the subject matter jurisdiction of this Court substantially depends on an accurate identification of whether plaintiff's claims are procedural or substantive, the Court cannot rely solely upon plaintiff's categorization of its claims. To the extent that plaintiff provider is accurate in the categorization of its claims as procedural, however, the law in this circuit is relatively clear that § 405(h) will not preclude review by this Court. *See NAHHA,* at 937 (citing the "eminently logical" ruling of the *Humana* court); *Humana of South Carolina v. Califano,* 590 F.2d 1070, 1080–81 (D.C.Cir. 1978). Thus the first inquiry that this Court must conduct is determining whether the plaintiff's contentions are procedural or substantive in nature.

## I. *Background*

The plaintiff is a New Jersey hospital which provides medical treatment to patients under the Medicare Act. 42 U.S.C. § 1395 (1976 & Supp. IV 1980) (title XVIII of the Social Security Act). Under that Act participant providers are reimbursed either directly by the federal government or through an intermediary for the "reasonable cost" of the medical services that they provide. 42 U.S.C. § 1395f(b). Reasonable cost is defined as expenses actually incurred minus unnecessary costs, 42 U.S.C. § 1395x(v), which figure is subject to regulations promulgated by the Secretary of the Department of Health and Human Resources governing computation. 42 U.S.C. § 1395x(v)(1)(A). Subsequent to the enact-

ment of the original Medicare Act, Congress amended the Act on two occasions to allow the Secretary to develop alternatives to the reasonable cost method of reimbursement for providers. *See* Pub.L.No. 92–603, § 222(a), 86 Stat. 1390 [hereinafter cited as 1972 Amendments]; Pub.L.No. 90–248, § 402, 81 Stat. 930 [hereinafter cited as 1967 Amendments]. The 1967 Amendments authorized the Secretary to approve experimental incentive reimbursement programs without explicitly specifying which programs the Secretary should pursue. The 1972 Amendments authorized the Secretary to approve several types of specific incentive programs including prospective payment programs. Under both Amendments the Secretary was authorized to waive the reasonable cost restrictions on provider reimbursement for the purposes of conducting the particular incentive experiment that the Secretary had approved. The purpose behind the amendments was to encourage the Department of Health and Human Services, intermediaries, and providers to develop more efficient methods of supplying health care to Medicare beneficiaries. At least as of 1972, prospective reimbursement was viewed by Congress as a potential means to achieve that end.

Of more relevance to the jurisdictional issue before the Court, however, are the procedural requirements that Congress attached to the power of the Secretary to waive the traditional reasonable cost principles which have formed the basic foundation for provider accountability under the Medicare program since its inception. The 1967 Amendments demand that the Secretary obtain the advice and recommendations of competent specialists prior to engaging in any incentive experiment. 42 U.S.C. § 1395b–1. The 1972 Amendments went even further and required in addition to the advice of competent experts the submission by the Secretary of a written report to two Congressional committees at least 30 days prior to the commencement of the experimental project. 42 U.S.C. § 1395b–1, note. A significant portion of plaintiff's challenges revolve around the Secretary's alleged noncompliance with these and other

procedural requirements in initiating a state wide experimental program using prospective reimbursement for New Jersey providers. The defendants, in turn, allege that the plaintiff's claims do not really go to the issue of the procedures used to commence the New Jersey experiment. Rather, the defendants argue, the plaintiff's claims are simply disputes as to the appropriate amount of Medicare reimbursement due plaintiff cast in the garb of a procedural challenge.

Before addressing the relationship of the claims at issue in this case to § 405(h)'s mandate to preclude judicial review before administrative exhaustion it will be useful to state the claims as the plaintiff provider views them. According to the plaintiff, five of its eight challenges are purely procedural. These challenges are: 1) that the defendants failed to obtain necessary internal approvals for their waiver of New Jersey's adherence to traditional Medicare reimbursement methods; 2) that the defendants failed to obtain the requisite study prior to allowing New Jersey undertake an experimental program under the 1967 Amendments; 3) that the defendants similarly failed to comply with the command of the 1972 Amendments to submit a written report to Congressional committees prior to commencement of the program in addition to failing to obtain the advice of experts; 4) that the defendants failed to follow their own guidelines regulating the approval of experimental reimbursement projects; and, 5) that the defendants implemented the New Jersey experiment in prospective reimbursement without providing for a constitutionally required notice and hearing. The plaintiff lists the balance of its challenges as substantive. These three claims are: 1) that the 1967 Amendments, upon which defendants rely in whole or in part, authorize only retrospective reimbursement and not prospective reimbursement; 2) that the defendants' waiver is unnecessarily broad; and, 3) that the Medicare Act, as amended, does not authorize reimbursement experiments which fail to include payment for a return on equity capital.

## II. *Jurisdictional Over Substantive Claims*

 The Court initially notes that plaintiff's challenge to the return on equity exclusion in calculating provider reimbursement comes to the closest of all of plaintiff's allegations to resembling a "claim" within the meaning of 42 U.S.C. § 405(h). This challenge is "unmistakenly directed at upsetting on the merits the Secretary's determination on an element of cost-reimbursement." *Humana of South Carolina, Inc. v. Califano,* 590 F.2d 1070, 1079 (D.C. Cir.1978). As such, the Court must concur with the defendants' view of its jurisdiction over this claim and require the plaintiff to seek review of the return on equity issue through the administrative processes afforded them by 42 U.S.C. § 1395oo.

The other two claims that plaintiff concedes to be substantive in nature, on the other hand, are not as easily dispatched. While these two claims do not relate precisely to the manner in which the Secretary proceeded in implementing a prospective reimbursement program in New Jersey, they are not of a sort which can be handled by the administrative process set forth in 42 U.S.C. § 1395oo. This Court, guided by the decision of our Circuit in *NAHHA* and greatly aided by the opinion of the District Court in that case, must determine whether these substantive claims would elude any form of judicial review should 42 U.S.C. § 405(h) be given preclusive effect.

 The test articulated by our Circuit for nonprocedural statutory claims in *NAHHA* appears to be twofold. First, the substantive claim must be cast as either "*directly* concern[ing] the amount of reimbursement" a provider receives, *NAHHA,* at 938 (emphasis added), or not directly involving the amount of provider reimbursement. Once a substantive challenge has been identified as directly implicating the amount of Medicare reimbursement, the challenge becomes a "claim" within the meaning of 42 U.S.C. § 405(h). Of course, along with this categorization comes the result that § 405(h) intercepts this Court's subject matter jurisdiction. Therefore, judicial review, although limited, over plain-

tiff's claim can only occur after exhaustion of the administrative channels provided by 42 U.S.C. § 1395oo.

In the alternative, if the substantive challenges of the plaintiff "cannot be characterized as a reimbursement dispute," *id.* at 939, a second step in the jurisdictional analysis would appear to be required by *NAHHA*. This second inquiry focuses on whether an alternative form of judicial review is available. *Id.* at ——–——. In other words, if a provider's challenge is not cognizable as a "claim" for purposes of PRRB review, are there any other possible avenues for eventual judicial review within the Medicare Act. *See id.* at 940; *Chelsea Community Hospital, SNF v. Michigan Blue Cross Association,* 630 F.2d 1131, 1134–36 (6th Cir. 1980). Under this view, the presumption of judicial review is sufficient to sustain jurisdiction unless Congress's desire to exclude review is demonstrated by clear and convincing evidence. Simply put, § 405 will not be expansively construed to intercept general federal question jurisdiction over claims not subject to other available mechanisms for judicial review. *NAHHA,* at 940.

■ Having set out the two step inquiry, this Court must apply the test to the two remaining claims considered substantive by the plaintiff. The first of the remaining substantive claims contends that the waiver by defendants is unnecessarily overbroad. The second such claim is that the Medicare Act, as amended in 1967, does not authorize prospective payment for Medicare expenses. In assessing whether these challenges rise to the level of a dispute over an "amount" of reimbursement as opposed to a "mode" of reimbursement, *NAHHA,* at 938, this Court observes that the motivation of plaintiff in bringing this suit is irrelevant to this determination. *NAHHA,* at 938–939. Rather, the *NAHHA* court instructs that the relevant criterion is the "ultimate goal" of the suit in terms of court ordered relief.[1] Applied to the present case, this suggests that regardless of any potential pecuniary

motive that plaintiff provider may harbor in bringing a substantive challenge to agency action, the only relevant issue for purposes of § 405(h) preclusion is whether the relief sought will result in "eventual monetary recovery on a reimbursement claim." *NAHHA,* at 939 (quoting district court opinion). This Court assumes that the *NAHHA* court must have meant something more than simply categorizing a litigant's claims by the nature of the judicial relief sought. Were that the case, a plaintiff provider could always invoke federal jurisdiction to challenge a disputed Medicare claim in the first instance by seeking injunctive or declaratory relief. Instead, this Court is inclined to interpret the *NAHHA* court's jurisdictional holding as stating that the challenge must not be susceptible to being recast as a "claim" cognizable under § 1395oo. *NAHHA,* at 938.

■ The plaintiff provider's first substantive challenge alleges that the waiver by the defendants for the New Jersey experiment was unnecessarily overbroad. Plaintiff's motion for summary judgment at ¶¶ 17–18. The Court finds that this claim, not seeking any direct monetary relief, cannot be pressed within the province of the PRRB. Further, this Court observes that because the type of relief sought is injunctive and declarative, the Court of Claims cannot entertain plaintiff's first substantive challenge. *See* 28 U.S.C. § 1491 (1976); *American Association of Councils of Medical Staffs of Private Hospitals v. Califano,* 575 F.2d 1367, 1372–73 (5th Cir. 1978); *National Association of Home Health Agencies v. Schweiker,* CA 81–3160 (D.D.C. March 10, 1982). Moreover, the claim is not susceptible to being recast as a prayer for a money judgment. Therefore, in light of the presumption of judicial review, unrebutted by any legislative history to the contrary, this Court recognizes subject matter jurisdiction to hear plaintiff's challenge to the breadth of defendants' waiver.

1. *See also Humana of South Carolina, Inc. v. Califano,* 590 F.2d at 1080 (court looks to "es-

sential character" of action to determine if a "claim").

■ Plaintiff's second substantive challenge poses a greater problem for this Court. Plaintiff claims that the Medicare Act, along with the 1967 Amendments to that Act, does not authorize prospective reimbursement of the sort under way in New Jersey. This contention, a purely statutory challenge, can arguably be considered either a dispute over the "method" of payment or a dispute over the "amount" of payment. *See NAHHA,* at 938. Attention to the wording of 42 U.S.C. § 1395oo similarly fails to clarify whether the PRRB would consider a direct challenge by a provider as to the entire manner of calculating Medicare reimbursement. Rather, the scheme outlined by 42 U.S.C. § 1395oo appears to contemplate disputes between providers and intermediaries as to what constitutes reasonable reimbursement under the Medicare Act. While the claim of the plaintiff can generally be said to revolve around a dispute about the net amount of reimbursement to the plaintiff it cannot be said, as it was for the dispute as to inclusion of return on equity, that the plaintiff provider in this case will clearly fare appreciably better under the old method than the new method for any given annual report. The only apparent difference is an increase in the risk of unreimbursed expenses placed on the plaintiff provider, 1972 U.S. Code Cong. & Ad. News 4989, 5067, a concern shared by the providers in *NAHHA.* Further, the plaintiff provider in this case is not contesting what costs are properly included within a prospective payment plan. Most importantly, the core complaint of the plaintiff centers on an issue of statutory construction. In the view of this Court, plaintiff's challenge is not to any particular--dollar amount on any specific annual report but rather concerns the "mode" or "method" of reimbursement countenanced by certain amendments to the Medicare Act. As such, the complaint of plaintiff provider does not relate to a dispute as to the "reasonableness" of any aspect of the amount due it under the Act but instead addresses the more fundamental question of the statutory authority of the Secretary to engage in the type of program found in New Jersey.

Therefore, this Court holds that this substantive challenge of the plaintiff is not a "claim" within the scope of § 405(h). In addition, this Court holds that § 405(h) cannot be given preclusive effect over plaintiff's substantive claim as to the statutory authority of the Secretary because to do so would eliminate judicial review of this important statutory issue. Therefore, this Court denies defendants' motion to dismiss for lack of jurisdiction as it relates to plaintiff's claim over the Secretary's authority to engage in prospective payment plans under the 1967 Amendments to the Medicare Act.

■ As for the five claims asserted by plaintiff provider which the provider has categorized as "procedural," this Court is in agreement with the plaintiff and therefore denies the government's motion to dismiss for lack of jurisdiction. The first four of these claims touch upon the various procedures, both internal and external, with which the Department of Health and Human Services must comply before initiating either an experiment under the 1967 Amendments or a prospective payment plan under the 1972 Amendments. Therefore, this Court will deny the defendants' motion to dismiss with respect to these claims. The last "procedural" claim of the plaintiff is an undifferentiated constitutional claim to deprivation of procedural due process in the implementation of the New Jersey experiment. In light of the decision of the *Humana court,* 590 F.2d at 1081, this Court notes that *constitutional* claims have been more favored by other courts in determining jurisdiction, at least where no other forum is available. *NAHHA,* at 939. Because plaintiff's constitutional claim is one seeking to "vindicate an interest in procedural regularity," *Humana,* 590 F.2d at 1080, and because the defendants have failed to indicate any other avenue for review of this claim short of the clearly inadequate PRRB, this Court denies the defendants' motion to dismiss plaintiff's constitutional challenge on subject matter jurisdiction grounds.

Although this Court has noted jurisdiction for a significant number of plaintiff's claims, the intervening decision of our Cir-

cuit in *NAHHA* has reinforced the principle of deference to be accorded reasonable interpretations by the Secretary of his authority. The defendants in this case have stated that the Secretary was acting within his authority in granting the state wide waiver. This Court would greatly benefit from written comments from the parties as to the significance of the *NAHHA* case on the present litigation, if any.

WHEREFORE, upon consideration of the motion of the defendants for dismissal of the eight claims set forth in the complaint, it is this 7th day of October, 1982,

ORDERED that the parties submit to the Court no later than twenty (20) days from the date of this Order a memorandum of law stating what effect, if any, the decision of the Court of Appeals in *National Association of Home Health Agencies v. Schweiker,* 690 F.2d 932 (D.C. Cir. 1982) has on the pending cross-motions for summary judgment, and it is

FURTHER ORDERED that the motion of the defendant to dismiss for lack of subject matter jurisdiction is denied in all respects except as it relates to the plaintiff's claim for inclusion of a return on equity in provider reimbursement, and it is

FURTHER ORDERED that the stay entered by this Court on its Order of June 3, 1982 is hereby lifted and the parties may continue with discovery pertaining to the cross-motions for summary judgment pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.